## Roberts License

*Edwin L. Lewis, 3rd,* for appellant.

*Maurice Levin,* for Secretary of Transportation.

KENT, J., June 23, 1972.—This matter comes before the court on the appeal of T. Doman Roberts from the order of the Secretary of Transportation which sus-

pended appellant's operator's license, pursuant to the Act of April 29, 1959, P. L. 58, sec. 618, as amended by the Act of January 8, 1960, P. L. (1959) 2118, sec. 1, 75 PS §618(a)1. Thereafter appellant petitioned the court, pursuant to the Act of April 29, 1959, P. L. 58, sec. 620, 75 PS §620, to grant appellant a hearing de novo, to hear testimony, and to decide whether or not appellant's operating privileges should be suspended or reinstated.

A hearing having been held, the court makes the following

## FINDINGS OF FACT

1. Appellant is 48 years old, resides at 430 Cassatt Road, Berwyn, Chester County, Pa. He is a physicist employed by Advance Technology Company, and uses his automobile in his profession.

2. Appellant first became aware of his diabetic condition in 1939, since which time he has been under continuous medical care and insulin treatment.

3. Although appellant has been licensed to operate a motor vehicle since 1939, he has neither been involved in an automobile collision, nor convicted of a violation of The Vehicle Code of the Commonwealth of Pennsylvania, as a result of his diabetic condition and medical treatment thereof.

4. Since 1962, appellant has been under the medical care of Dr. Kent Franke Ball, of the Bryn Mawr Hospital. Dr. Ball has continued treating appellant with insulin for his diabetic condition. In 1970 the dosage of the insulin treatment was increased to 70 units per day. As a result of such increased dosage appellant has suffered insulin reaction; but such reactions are preceded several minutes before any resultant unconsciousness by physical warnings which include coldness, faintness, and dizziness. In the professional opinion of Dr. Ball such an interim between such symp-

toms and resultant unconsciousness is of a sufficient length of time that appellant is able to take whatever medical remedial action that is necessary to avert unconsciousness. Dr. Ball expressed his medical opinion that appellant was competent to operate a motor vehicle without danger to the motoring public.

5. On February 2, 1970, appellant passed out from insulin reaction and was taken by ambulance to the hospital.

6. December 9, 1970, the police found appellant wandering in a "stupor" in a local parking lot.

7. On December 23, 1970, officers of the Easttown Township Police Department found appellant in an unconscious state in his automobile, which was parked with the motor running.

8. On December 13, 1971, appellant received notification from the Secretary of the Department of Transportation of the Commonwealth of Pennsylvania that his operator's license was suspended effective on January 17, 1972, inasmuch as he is "suffering from a diabetic condition which is not properly controlled at the present time."

## DISCUSSION

Section 618(a)1 of the Act of April 29, 1959, provides, in part, as follows:

"(a) The secretary may suspend the operating privilege of any person, with or without a hearing before the secretary or his representative, . . . , or whenever the secretary finds upon sufficient evidence:

"(1) That such person is incompetent to operate a motor vehicle or tractor, or is afflicted with mental or physical infirmities or disabilities rendering it unsafe for such person to operate a motor vehicle or tractor upon the highways."

Neither counsel, nor the Department of Transportation, nor the court, has encountered any reported

cases in which an operator's privileges were suspended because of the possibility of an insulin reaction resulting from the treatment of a diabetic condition. The court does not feel that there is any more risk of appellant creating a hazardous situation for himself or others while on the highway than the numerous occasions when an average driver might suffer a heart attack or any other condition which would precipitate sudden loss of consciousness. Under these circumstances, it appears quite unjust to deprive appellant of his operating privileges, which are essential to his livelihood and enjoyment: Lunetta License, 36 D. & C. 2d 571 (1965); Dehrone License, 21 D. & C. 2d 542 (1960).

Dr. Ball's testimony indicated that appellant was very knowledgable in the treatment of his condition, and conscientious in adhering to such treatment. Dr. Ball has also testified that recently appellant's dosage of insulin had been increased to 70 units a day, which would cause the three insulin reactions during the year of 1970.

To the court, appellant appeared to be a very intelligent, educated, courteous, and conscientious person. Appellant has never been involved in a motor vehicle collision as a result of insulin shock in the treatment of his diabetic condition, and has never been convicted of a violation of The Vehicle Code of the Commonwealth of Pennsylvania because of insulin shock in the treatment of his diabetic condition during the 33 years of his driving while afflicted with diabetes. In fact, the officers of the Easttown Police Department found appellant unconscious in his parked automobile on December 23, 1970. It is obvious that appellant had sufficient time, prior to his unconsciousness, to realize that he was having an insulin reaction, and to take remedial action to prevent any serious injury as a result

711

of such reaction. Such conduct, in the opinion of the court, does not constitute reckless driving.

ORDER

And now, this June 23, 1972, after a hearing de novo, argument of counsel, and consideration of briefs, the order of the Secretary of Transportation suspending appellant's motor vehicle operating privileges is hereby vacated, overruled, and reversed, and appellant's motor vehicle operating privileges are reinstated.